CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 29 2010

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JULIA E. SOUTER, | ) |
| | ) Civil Action No. 5:10cv00122 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| COUNTY OF WARREN, et al., | ) |
| | ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff, Julia E. Souter ("Souter"), arising out of a zoning dispute between Souter and Warren County over the appearance of Souter's property which eventually led the Circuit Court of Warren County to hold Souter in contempt and jail her for just under four months. Souter, who seeks leave to proceed *in forma pauperis*, asserts claims against Warren County Circuit Judge, Dennis Lee Hupp, Warren County, the Warren County Board of Supervisors ("Board"), Warren County Attorney Blair Mitchell ("Mitchell"), and the Warren County Zoning Administrator John Kulnis ("Kulnis").. However, the Rooker-Feldman Doctrine bars this court from entertaining Souter's claims because the only injuries she has identified were caused by the state court judgment holding her in contempt. Having identified no plausible injury, except for injury arising from the judgment of the Circuit Court of Warren County holding her in contempt, Souter's complaint fails to contain sufficient factual matter to state a claim for relief that is plausible on its face. Accordingly, the court dismisses Souter's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

# I.

According to her complaint, Souter was involved in a zoning dispute regarding the appearance of her property at 417 Applejack Circle, Linden, Virginia. After the zoning authorities, specifically Kulnis, found that she was in violation of a zoning ordinance, Souter appealed the decision to the Warren County Board of Zoning Appeals. The Board of Zoning Appeals ruled for Kulnis, and Souter appealed that ruling to the Warren County Circuit Court. In the Circuit Court, Souter, appearing *pro se*, was held in contempt by Judge Hupp for interfering with the ordered cleanup of her property. She received a six month suspended sentence. About a year later, Warren County sought to revoke her suspended sentence.

According to Souter, Judge Hupp revoked Souter's suspended sentence, and confined her in the Warren County jail for about four months. Souter alleges that she asked for but was denied an attorney to petition for a writ of habeas corpus.[1] She alleges that Warren County Attorney Mitchell violated his ethical responsibilities by failing inform the Circuit Court of Kulnis's malfeasance and by falsely stating that Souter had failed to clean up her property. She further claims that Kulnis did not immediately inform her partner, Mr. Dunkle, of how to bring their residence into compliance. Kulnis did eventually inform Mr. Dunkle of what changes were needed, her residence was brought into compliance, and the Circuit Court released Souter.

By way of remedy, Souter asks for the following: suspension of the Warren County Zoning Code; halting of all Warren County prosecutions without a written complaint; $30,000,000 from Warren County for her unlawful restraint; the passage of state laws granting

---

[1] Souter claims that because she is disabled, the failure to appoint her counsel violated the Americans with Disabilities Act. 42 U.S.C. § 12101 et seq.

the right to counsel at all court proceedings; a $10,000,000 bond from Warren County payable to Souter if the county retaliates against her for this complaint; and lastly, additional damages as this court sees fit against Judge Hupp and Mitchell. Souter does not ask for relief from the Board or Kulnis.

## II.

The court dismisses Souter's complaint for failure to state a plausible claim for relief that is within this Court's jurisdiction. Because Souter has not alleged a plausible injury that was not the product of the Circuit Court's decision jailing her for contempt, the court lacks jurisdiction to hear Souter's complaint under the Rooker-Feldman Doctrine. Therefore, the court *sua sponte* dismisses Souter's complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." In evaluating a *pro se* complaint, the court "must accept as true all of the factual allegations contained in the complaint" and will construe the complaint liberally, holding the complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Even still, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the Rooker-Feldman Doctrine, a court may not entertain a complaint where "the losing party in state court [files] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment[.]" Exxon Mobil Corp. v. Saudi

3

Basic Indus. Corp., 544 U.S. 280, 291 (2005). Section 1983 does not transform federal district courts into appellate courts capable of reviewing state court decisions, and therefore the court lacks subject matter jurisdiction to hear a complaint in which the plaintiff essentially challenges the validity of a state court decision. Id. at 292; see also Johnson v. De Grandy, 512 U.S. 997, 1005–6 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Souter's claims are barred under the Rooker-Feldman Doctrine. Although she does not explicitly seek to overturn her state court judgment, Souter seeks damages from the County for being unlawfully held at the County Jail. This amounts to nothing more than a challenge to the validity of state court judgment jailing or for contempt. Likewise, Souter's claims against Judge Hupp, Warren County Attorney Mitchell, Kulnis and the Board also arise out of her disagreement with the state court proceedings and therefore also fall under the Rooker-Feldman Doctrine. Under this Doctrine, the court lacks jurisdiction to hear Souter's claims.

Souter has failed to assert any additional discernible claim under § 1983 against any of the defendants arising from something other than the Circuit Court's decision to jail her. Because all of Souter's claims rely on the proposition that the Circuit Court wrongly decided the case, her complaint fails to assert a plausible claim for relief, and the court dismisses it .[2]

---

[2] Souter has also failed to assert a viable claim against either Judge Hupp or Warren County Attorney Mitchell because they are entitled to absolute judicial and prosecutorial immunity, respectively. Judges have immunity from suit for "acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967). Judge Hupp held Souter in contempt "for interfering with . . . the cleanup order by Judge Hupp." (Compl. ¶ 19.) Holding a party in contempt is solidly within the range of acts committed within the "judicial jurisdiction" of a judge. See, e.g., Shapiro v. Ingram, 207 Fed. App'x 938, 940 (11th Cir. 2006). Likewise,

4

## III.

For the reasons set forth above, the court dismisses Souter's complaint.

**ENTER**: November 30, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

Warren County Attorney Mitchell is entitled to immunity for statements he made in court, advocating on behalf of the state. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity[.]"). Mitchell's request that Souter be jailed, and his statements that she had not cleaned up her property, were made within his role as advocate for the state and do not subject him to liability. Therefore, Judge Hupp and Mitchell are entitled to immunity and the claims against them should be dismissed.